# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Jerry Santistevan,<br><br>              Petitioner<br>   v.<br><br>Warden Johnson, et al.,<br><br>             Respondents | Case No. 2:22-cv-01042-JAD-DJA<br><br>**Order Dismissing Petition**<br><br>ECF No. 9 |

Petitioner Jerry Santistevan is seeking habeas relief under 28 U.S.C. § 2254 with respect to his 2015 Nevada state-court conviction for two counts of robbery with use of a deadly weapon and one count of battery with use of a deadly weapon resulting in substantial bodily harm.[1] Santistevan has filed an amended petition[2] in an attempt to cure the deficiencies I identified when I screened his initial habeas petition.[3] Because the amended petition, like the initial petition, fails to state a claim upon which relief may be granted, I dismiss this case with prejudice.

**Discussion**

**A.     The Screening Requirement**

Rule 4 of the Rules Governing Section 2254 Cases requires the court to make a preliminary review of each petition for writ of habeas corpus and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Advisory

---

[1] ECF No. 8.  See also, ECF No. 1-2 at 14-15.
[2] ECF No. 9.
[3] ECF No. 7.

Committee Notes to Habeas Rule 4 explain that "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer," particularly where the petition does not state facts "that point to a real possibility of constitutional error."[4]  A habeas petitioner must state the specific facts that allegedly entitle him to habeas relief.[5]  A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts.[6]

**B.     Santistevan's petition fails to allege a cognizable federal habeas claim.**

The petition in this case contains two grounds for relief, neither of which alleges a cognizable federal habeas claim.  With his first ground, Santistevan asserts a violation of his Eighth Amendment right to be free from cruel and unusual punishment.  In support of his claim, he alleges that "he was subjected to a misapplication of the U.S. Sentencing Guidelines."[7]  Citing federal caselaw and federal statutes, he complains that the state court failed to "explain why it imposed the maximum sentence, . . . specify what warranted petitioner's sentence disparity," and explain why it deviated from the sentencing range under the guidelines.[8]  He also alleges that the state court failed to consider "factors set forth in 18 U.S.C. § 3553(a) of the Sentencing Reform Act."[9]  These allegations do not provide grounds for habeas relief because the state court is not

---

[4] Habeas Rule 4, Advisory Committee Notes (1976 Adoption); *see also Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) ("[U]nder Rule 4, a district court may dismiss a habeas petition without resolving whether a petitioner has exhausted available state remedies when on the face of the petition it is obvious that the petition lacks merit.").

[5] *Mayle v. Felix*, 545 U.S. 644, 655–56 (2005).

[6] *Middleton v. Cupp*, 768 F.2d 1083, 1085 (9th Cir. 1985).

[7] ECF No. 9 at 3.

[8] *Id*.

[9] *Id*. at 4.

bound the federal laws Santistevan relies upon. The U.S. Sentencing Guidelines and the Sentencing Reform Act govern sentencing in federal, not state, criminal proceedings

Even if Santistevan were to cite state law, federal habeas corpus relief is unavailable for alleged errors in the interpretation or application of state sentencing laws by either a state trial court or appellate court.[10] As mentioned in my prior screening order, a non-capital sentence will constitute a violation of the Eighth Amendment only if it is "grossly disproportionate" to the crime for which the defendant has been convicted.[11] Santistevan refers in Ground 1 to his sentence being disproportionate, but findings of gross disproportionality sufficient to violate the Eighth Amendment are exceedingly rare.[12]

And this is not that rare case. For the two counts of robbery with a deadly weapon enhancement and the battery with use of a deadly weapon resulting in substantial bodily harm, the state court sentenced Santistevan to consecutive terms of 6–15 years, 4–15 years, and 6–15 years.[13] That does not establish disproportionality. In *Rummel v. Estelle*, for example, the U.S. Supreme Court found that a mandatory life sentence for three theft offenses under a recidivist statute was not grossly disproportionate.[14] Simply put, there are no facts in Ground One showing that Santistevan's sentence was severe enough in relation to his crime to raise Eighth Amendment concerns.

---

[10] *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994).

[11] *See Hamelin v. Michigan*, 501 U.S. 957, 1001 (1991) ("The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." J. Kennedy, concurring).

[12] *See Lockyer v. Andrade*, 538 U.S. 63, 73 (2003); *Rummel v. Estelle*, 445 U.S. 263, 272 (1980).

[13] ECF No. 1-2 at 14-15. The sentences for the two robbery counts with a deadly weapon enhancement are concurrent.

[14] *Rummel*, 445 U.S. at 265-66, 285.

In Ground Two, Santistevan asserts a violation of his right to due process under the Fourteenth Amendment because he "entered a plea of guilty to a crime [for] which he did not commit nor meet the necessary elemental requirements."[15] This claim differs from Ground 2 in his initial petition in that it appears to be alleging trial court error rather than prosecutorial misconduct. However, like his allegations in support of Ground 2 in his initial petition, the allegations supporting Ground 2 in his amended petition are vague or conclusory and do not explain, with any particularity, how his constitutional rights were violated.

Santistevan offers no allegation that he was not notified of the nature of the charges he was facing. Consequently, his guilty plea was "an admission of all the elements of a formal criminal charge."[16] The Due Process Clause does not require a state court to establish a factual basis for a guilty plea absent special circumstances.[17] Santistevan's remaining allegations in Ground 2 focus on the alleged unfairness of his sentence. Here again, he cites to the United States Code as grounds for relief. Like Ground 1, Ground 2 does not state facts "that point to a real possibility of constitutional error."

## Conclusion

IT IS THEREFORE ORDERED that the amended petition **[ECF No. 9] is DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. The Clerk is directed to **ENTER JUDGMENT** accordingly and **close this case**.

IT IS FURTHER ORDERED that a certificate of appealability is denied because reasonable jurists would not find this decision to be debatable or wrong.

---

[15] ECF No. 9 at 7.

[16] *McCarthy v. United States*, 394 U.S. 459, 466 (1969).

[17] *Rodriguez v. Ricketts*, 777 F.2d 527, 528 (9th Cir. 1985). *See also Loftis v. Almager*, 704 F.3d 645, 648 (9th Cir. 2012).

IT IS FURTHER ORDERED that the Clark is **directed to electronically serve** a copy of this order and the amended petition [ECF No. 9] on the respondents.

Dated: October 18, 2022

_____
U.S. District Judge Jennifer A. Dorsey